**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

PRO MASSAGE, INC. d/b/a THERA CANE CO., a Colorado corporation,

    Plaintiff

v.

YKS TECH, INC., a California general stock corporation,

    Defendant

**COMPLAINT**

Plaintiff Pro Massage, Inc. d/b/a Thera Cane Co. ("Thera Cane") complains against Defendant YKS Tech, Inc. ("YKS") as follows:

## I.   PARTIES

1.   Thera Cane is a trade name of Pro Massage, Inc., a Colorado corporation in good standing with its principal place of business in Denver, Colorado.

2.   Upon information and belief, YKS is a California general stock corporation with its principal place of business in Chico, California.

## II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over the claims set forth in this Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

4.   This Court also has jurisdiction over the claims set forth in this Complaint under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(2) as a substantial part of the events constituting the violations of law alleged herein occurred in this district.

6. This Court has personal jurisdiction over Defendant because it conducts business in this state by intentionally advertising the offending products on websites (*e.g.*, Amazon and eBay) accessible to Colorado residents and by contracting with Colorado residents for the sale of those products and shipping the products to Colorado, where the products unfairly compete with those of Thera Cane, a Colorado company; this lawsuit arises out of or relates to those activities, and the exercise of personal jurisdiction would be reasonable and fair.

### III.   FACTS

7. Thera Cane is in the business of designing, manufacturing, and selling self-massage devices specifically created for customers to utilize in accessing muscle "trigger points."

8. Thera Cane is the holder of multiple patents, rights in the "Thera Cane" trademark, and registered trade dress protection regarding the styling and appearance of its product, and of course has expended substantial amounts of money in developing its product and acquiring these intellectual property protections.

9. Thera Cane's trademark and trade dress distinguish its product from the goods of other producers. Thera Cane's trade dress is based on the distinctive, nonfunctional design and appearance of its product, which consumers have come to associate with Thera Cane's product and the quality thereof.

10. Thera Cane is also the holder of copyrights in the consumer instruction manuals associated with its self-massage devices, the design, authorship, and production of which manuals also required the expenditure of substantial resources by Thera Cane.

11. Through internet websites, YKS advertises, sells, and ships to consumers—including residents of the State of Colorado—products that purport to be Thera Cane self-massaging devices, that physically resemble Thera Cane's products, that bear the name Thera Cane and the Thera Cane trademark, and that are accompanied by unauthorized reproductions of Thera Cane's copyrighted consumer instruction manuals.

12. The replicated use of Thera Cane's design, name, trademark, and copyrighted text leads customers to believe they are purchasing Thera Cane's widely recognized, superior products.

13. In reality, the products sold by YKS are grossly inferior in quality to Thera Cane's products, and Thera Cane has received multiple complaints from consumers about the shoddiness of the faux products sold by YKS, causing damage to Thera Cane's reputation among the deceived consumers and in the self-massage product industry.

14. YKS has engaged and continues to engage in these wrongful activities knowingly, willfully, maliciously, and deliberately.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Unfair Competition in Violation of Lanham Act)

15. Plaintiff hereby incorporates all foregoing allegations.

16. In connection with goods sold and shipped in interstate commerce, YKS used the name, trademark, and protected design of Thera Cane in a manner likely to cause confusion

among consumers and to deceive consumers regarding the origin of the above-described products.

17. YKS misappropriated Thera Cane's name, trademark, and trade dress in an intentional effort to deceive potential customers into believing YKS was selling Thera Cane's products and to otherwise capitalize unfairly on the brand name and trademark recognition, design recognition, goodwill, quality of product, and customer loyalty Thera Cane has built, in violation of 15 U.S.C. § 1125(a).

18. YKS's importation and disbursement of these products are also in violation of 15 U.S.C. §§ 1124 and 1125(b).

19. YKS's actions have caused Thera Cane to sustain damages in an amount to be determined at trial.

20. YKS engaged and engages in its unfair practices knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

21. Unless enjoined by this Court, YKS's continuing activities will cause Thera Cane to sustain irreparable damage for which Thera Cane has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(Patent Infringement)**

22. Plaintiff hereby incorporates all foregoing allegations.

23. YKS's offers to sell and sale of products employing Thera Cane's patented design without authorization constitute patent infringement, for which 35 U.S.C. § 281 provides a civil remedy to Thera Cane.

24. Unless enjoined by this Court, YKS's continuing activities will cause Thera Cane to sustain irreparable damage for which Thera Cane has no adequate remedy at law. Thera Cane is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25. YKS's actions have caused Thera Cane to sustain damages in an amount to be determined at trial, but in no event less than a reasonable royalty for the use of the patented materials made by YKS, together with interest and costs. Thera Cane is also entitled to treble damages pursuant to 35 U.S.C. § 284.

26. Should the Court find this to be an exceptional case, Thera Cane will be entitled to reasonable attorney fees pursuant to 35 U.S.C. § 285.

27. YKS engaged and engages in its infringing activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Copyright Infringement)

28. Plaintiff hereby incorporates all foregoing allegations.

29. YKS's unauthorized reproduction and disbursement of Thera Cane's copyrighted consumer instruction manuals constitute copyright infringement as defined in 17 U.S.C. § 501.

30. Unless enjoined by this Court, YKS's continuing activities will cause Thera Cane to sustain irreparable damage for which Thera Cane has no adequate remedy at law. Thera Cane is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

31. Thera Cane is entitled to the impoundment and destruction of YKS's infringing copies of the copyrighted materials pursuant to 17 U.S.C. § 503.

32. YKS's copyright infringement has caused Thera Cane to sustain damages in an amount to be determined at trial; Thera Cane is also entitled to an award of additional profits gained by YKS through its infringement pursuant to 17 U.S.C. § 504(b). Thera Cane may elect to recover an award of statutory damages pursuant to § 504(c), including without limitation an increased award based on the fact that YKS's infringement was committed willfully.

33. YKS's copyright infringement entitles Thera Cane to an award of reasonable attorney fees and costs pursuant to 17 U.S.C. § 505.

34. YKS engaged and engages in its infringing activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices in Violation of C.R.S. § 6-1-101, *et seq.*)**

35. Plaintiff hereby incorporates all foregoing allegations.

36. YKS's conduct constitutes a deceptive trade practice in that YKS, in the course of its business: knowingly passed and continues to pass off goods as those of another; knowingly made and continues to make false representations as to the source and certification of the goods; knowingly made and continues to make false representations as to affiliation, connection, or association with or certification by Thera Cane; uses deceptive representations or designations of geographic origin in connection with the goods; and knowingly made and continues to make false representations as to the characteristics and benefits of the goods.

37. The products offered by Thera Cane and YKS implicate and significantly impact the interests of the public, as actual or potential consumers of the goods.

38. YKS engaged and continues to engage in these activities knowingly, willfully, and in bad faith, and its engagement in a deceptive trade practice evidences intent to injure competitors such as Thera Cane.

39. YKS's deceptive trade practices have caused Thera Cane to incur damages in an amount to be proven at trial.

40. In addition, Thera Cane is entitled to treble damages, attorney fees, and costs of suit pursuant to C.R.S. § 6-1-113.

41. Unless enjoined by this Court, YKS's continuing activities will cause Thera Cane to sustain irreparable damage for which Thera Cane has no adequate remedy at law.

## V.   PRAYER FOR RELIEF

42. Plaintiff hereby incorporates all foregoing allegations.

43. YKS continues to use Thera Cane's name, patented design, trade dress, trademark, and copyrighted materials to produce and sell its products.

44. YKS's continued use of Thera Cane's intellectual property will result in irreparable damage to Thera Cane's business by depriving it of customers and revenue and by diminishing its reputation and goodwill with consumers and in Thera Cane's industry.

45. Thera Cane has no plain, speedy and adequate remedy at law.

46. The imposition of an injunction against YKS's wrongful conduct will not disserve the public interest; to the contrary, it will serve the interests of consumers of the at-issue products.

47. The balance of equities favors the imposition of an injunction.

48. Thera Cane requests the imposition of a permanent injunction enjoining YKS from its wrongful use of Thera Cane's intellectual property; an order for the impoundment and destruction of YKS's printed materials in violation of Thera Cane's copyrights; an award of damages to include actual damages, royalties, profits, statutory damages, treble damages, exemplary damages, attorney fees, and costs of suit; pre- and post-judgment interest on all amounts awarded; and such further relief as this Court deems just.

WHEREFORE, Pro Massage, Inc. d/b/a Thera Cane Co. requests entry of judgment against Defendant YKS Tech, Inc. as set forth above.

DATED this 12th day of September, 2018.

Respectfully submitted,

By:    s/ J. Lucas McFarland
J. Lucas McFarland
Cyd Hunt
Evans & McFarland, LLC
910 13th Street, Suite 200
Golden, Colorado 80401
Phone: 303.313.1123
Facsimile: 303.277.1620
Email: lmcfarland@emlawyers.com
       chunt@emlawyers.com

ATTORNEYS FOR PLAINTIFF THERA CANE CO.

Plaintiff's Address:
PO Box 9220
Denver, CO  80209